UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  25-80010-CR-DAMIAN

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

JEFFREY ALAN HELMS,

      Defendant.

_____/

### DEFENDANT'S OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT AND MOTION FOR DOWNWARD VARIANCE

Defendant, Jeffrey Alan Helms, through undersigned counsel, objects to the presentence investigation report as follows:

1. Defendant initially notes as to paragraph 16 that he voluntarily disclosed to authorities the location of the BB gun.

2. Defendant objects to paragraph 11 and contends that a Florida conviction for resisting an officer with violence no longer qualifies as a "crime of violence" under the elements clause of § 4B1.2(a)(1). Defendant recognizes that in *United States v. Jacques*, 2025 WL 1576056 (11th Cir. 6/4/25), the Eleventh Circuit recently reaffirmed that that the Florida offense of resisting an officer with violence qualifies as a crime of violence, and rejected the argument that the

1

Supreme Court's decision in *Borden v. United States,* 141 S.Ct. 1817 (2021), which held that a criminal offense with a *mens rea* of recklessness does not meet the elements test, abrogates Eleventh Circuit precedent because the Florida offense of resisting an officer with violence lacks the necessary *mens rea.* (*Borden* involved the elements clause of the Armed Career Criminal Act, 18 U.S.C. 924(e)(2)(B)(i), which is identical to the elements clause of § 4B1.2(a)(1)).    Nevertheless, Defendant wishes to preserve this argument for appellate review.

3.   Defendant requests that this court consider a downward variance. Defendant's elevation to career offender status is based on two prior convictions, one of which is the resisting with violence conviction noted in paragraph 64.  Th offense did not involve and weapon, an unsuccessful attempt to strike the deputy's chest, and a kick to the deputy's hand.  There is no injury to the deputy noted. Although this offense is a significant one, it pales in comparison to the wide range of violent offenses that would equally be considered a crime of violence.  Without the career offender enhancement, Defendant's guidelines would be a total offense level 23, criminal history IV, and an advisory guidelines range of 84 to 105 months.  Moreover, although the Defendant has voluntarily participated in drug programs, the Bureau of Prison's  RDAP intensive drug treatment program, coupled with the involvement of a United States Probation Officer during the period of supervised release, will provide an overall approach to Defendant's long-standing drug issues that will help avoid a relapse and recidivism.

WHERFORE, Defendant submits the above objections to the presentence investigation report and requests that the Court consider a downward variance.

Respectfully submitted,

MICHAEL CARUSO
FEDERAL PUBLIC DEFENDER

By: *s/Robert E. Adler*
Robert E. Adler
Assistant Federal Public Defender
Attorney for Defendant
Florida Bar No. 259942
450 S Australian Avenue, Suite 500
West Palm Beach, Florida 33401
Phone:   (561) 833-6288
Email:   *robert_adler@fd.org*

## CERTIFICATE OF SERVICE

I HEREBY certify that on September 18, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/*Robert E. Adler*
Robert E. Adler

3